UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>LARRY KIRKLAND,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 3:26-po-29-JEM |

**ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Defendant Kirkland is charged with three petty offenses: (1) operating a motor vehicle in a non-designated area, in violation of 36 C.F.R. § 261.13 (Violation F0GV002F); (2) disorderly conduct, in violation of 36 C.F.R. § 261.4(b) (Violation F0GV002G); and (3) hunter interference, in violation of Tennessee Code Annotated § 70-4-302, as assimilated by 18 U.S.C. § 13(a) (Violation FALG022P) [Doc. 1]. On May 5, 2026, the Court set Defendant's trial for August 14, 2026. On August 7, 2026, the Court entered a Pretrial Order stating that no motions would be allowed to be filed without leave of Court [Doc. 2 p. 1]. On August 12, 2026, Defendant filed a trial brief in which he asked the Court to dismiss the hunter interference charge, arguing reliance on state law is inappropriate when federal law covers the alleged crime [Doc. 4]. The Government responded in opposition [Doc. 9] and also filed a motion to strike Defendant's trial brief, arguing that Defendant's motion was untimely and without leave of Court [Doc. 6]. Defendant filed no response to the motion to strike.

On August 14, 2026, the scheduled trial date, Defendant, by oral motion, requested leave to file a motion to dismiss the hunter interference charge on the question of whether state law is properly assimilated and to continue the trial so that he could do so. The undersigned found the issue related to the Assimilative Crimes Act to be an issue appropriately raised as a pretrial matter. Out of an abundance of caution and in the interest of adjudicating the issue on the merits, the Court granted leave for Defendant to file a pretrial motion related to the Assimilative Crimes Act. The Court also continued the trial.

Now before the Court is the Government's Motion for Witness Expenses [Doc. 13]. The Government seeks sanctions under 28 U.S.C. § 1927. The Government seeks reimbursement in the form of sanctions under 28 U.S.C. § 1927 based on Defendant's counsel, Attorney Charles C. Burks, Jr., filing "an untimely motion to dismiss disguised in the format of a 'Trial Brief'" two days before trial and without seeking permission from the Court [Doc. 13 p. 4]. The Government argues that Attorney Burks "created a clear risk of a needless last-minute trial delay" and that the resulting rescheduled trial "caused the government to incur witness costs that it would not have otherwise incurred" [*Id.* at 4, 6]. It requests that the Court order Attorney Burks to reimburse the Government for the $690.28 in excess witness expenses [*Id.* at 7].

Attorney Burks responds that he does not contest the expense reimbursement the Government seeks, but states that the request for sanctions should be denied [Doc. 16 p. 1].[1] Attorney Burks argues that sanctions are not warranted under Section 1927 as his conduct did not multiply proceedings "unreasonably and vexatiously" [*Id.*]. Attorney Burks contends that

[1] The Government filed its motion on September 9, 2026. Attorney Burks's response was therefore due on September 23, 2026. *See* E.D. Tenn. L.R. 7.1(a) (requiring that an answering brief "shall be served and filed no later than 14 days after the service of the opening brief"). Attorney Burks filed his response on October 16, 2026, more than 35 days after the filing of the Government's motion.

sanctions are inappropriate because he neither "intentionally abused the judicial process nor knowingly disregarded a risk of needless delay" and because he filed a good-faith trial brief giving the Court and the Government a preview of the defense's position before trial [*Id.* at 3]. Instead, Attorney Burks maintains that "ordinary errors on both sides compressed the pretrial timeline," not "[i]ntentional or reckless conduct by defense counsel" [*Id.* at 4]. Furthermore, Attorney Burks argues that sanctions are inappropriate because the Court did not put him on notice that it was considering imposing sanctions under Section 1927 [*Id.* at 5]. Finally, Attorney Burks responds that the Court should accept his offer to fully compensate the Government for its expenses, which leaves no other injury for sanctions to address [*Id.* at 6].

The Government replies that Attorney Burks's "attempts to excuse his conduct[] fall flat" [Doc. 17 p. 1]. The Government maintains that "[n]o competent attorney could have believed in good faith" that a request to dismiss did not require leave of Court to file [*Id.* at 1]. The Government states that because Attorney Burks does not dispute that he should reimburse the Government, the Court should order him to make the payment and it defers to the Court's discretion as to whether the payment should be considered sanctions under 28 U.S.C. § 1927 [*Id.* at 2].

Considering that Attorney Burks agrees to pay the witness expenses, and that the Government defers to the Court's discretion, the Court finds no need to adjudicate the matter at this time. Accordingly, the Court **DENIES as moot** the Government's Motion for Witness Expenses [**Doc. 13**]. If Attorney Burks does not uphold his agreement to pay the expenses, the Government may refile its motion.

ENTER:

Jill E. McCook
United States Magistrate Judge